# Exhibit B



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
MIAMI REGIONAL OFFICE
801 BRICKELL AVENUE
SUITE 1800
MIAMI, FLORIDA 33131

DIVISION OF
ENFORCEMENT

SCOTT A. LOWRY
SENIOR COUNSEL
DIRECT DIAL: 305.982.6387
LOWRYS@SEC.GOV

May 18, 2017

**Via Overnight Delivery with
Advance Email to dnelson@bsfllp.com**

Woodbridge Group of Companies, LLC
c/o David Nelson. Esq.
Boies, Schiller & Flexner LLP
401 East Las Olas Boulevard, Suite 200
Fort Lauderdale, FL 33301-22

    Re:    <u>Woodbridge Mortgage Investment Fund III, LLC (FL-04024)</u>

Dear Mr. Nelson:

    We write regarding your letters dated April 21, 2017, May 18, 2017 and your clients' productions in this matter, specifically each of the productions from Woodbridge Group of Companies, LLC ("Woodbridge"), ▇▇▇▇, ▇▇▇▇, ▇▇▇▇, ▇▇▇▇, ▇▇▇▇, ▇▇▇▇, ▇▇▇▇, ▇▇▇▇, ▇▇▇▇, ▇▇▇▇, ▇▇▇▇, ▇▇▇▇, and ▇▇▇▇.

### A. Prioritized Production

    The staff's subpoena to Woodbridge dated January 31, 2017 required the production of documents no later than February 15. As discussed in our letters dated February 28, 2017, March 7, 2017, March 22, 2017, April 7, 2017 and May 16, 2017, Woodbridge has produced some categories of documents responsive to the subpoena, but many other categories of documents have not been produced. To accommodate Woodbridge's production delays, the staff prioritized the production of the company's financial records. On May 3, 2017, Woodbridge produced certain QuickBooks files containing financial records and has now indicated that it has completed its production of this category of documents.

    By this letter, we request that, of the remaining categories of documents due under the subpoena, Woodbridge now prioritize the following documents for immediate production:

Woodbridge Group of Companies, LLC
c/o David Nelson. Esq.
May 18, 2017

### (1) Prioritized Production of Specific Documents Identified in Testimony

- Excel Chart of Structured Settlements and Investors (aka "Master List"): Identified during the testimony of ▮▮▮▮ (Trans. p.43-44; 61 and 64)

- Excel Chart of FPCM and PPM Investors (aka "Main Tracker"): Identified during the testimony of ▮▮▮▮ (Trans. p.20-27)

- Chart of Sales Commissions (aka "Comp Submission Template): Identified during the testimony of ▮▮▮▮ (Trans. p.28-31)

- Chart of Loans 30 Days Due: Identified during the testimony of ▮▮▮▮ (Trans. p.26-28; 49; 180-81); Identified during the testimony of ▮▮▮▮ (Trans. p.61-62, 65-66)

- Biweekly Tracking Chart from Accounting with Sales Agent and Financial Planner Commissions: Identified during the testimony of ▮▮▮▮ (Trans. p.85-89; 94-95)

- Charts Identified During the Testimony of ▮▮▮▮ (aka "Life Contingent Spreadsheet"; "Funding Chart"; "Woodbridge Wealth Notes Coming Due Chart"; "Paid Off Spreadsheet" and "Cancelled Spreadsheet") (Trans. p.71, 74-78, 80-81; 84)

- Spreadsheet of Property Purchases: Identified during the testimony of ▮▮▮▮ (Trans. p.138-39;

- Property Closing Statements: Identified during the testimony of ▮▮▮▮ (Trans. p.111-12)

- List of Loans (aka "Bible," "First Payment Due Date"): Identified during the testimony of ▮▮▮▮ (Trans. p.89-93; 106; 158-60)

- Monthly Payments List: Identified during the testimony of ▮▮▮▮ (Trans. p. 106-07)

- Closed and Funded List: Identified during the testimony of ▮▮▮▮ (Trans. p.160)

- List of Defaulted Loans Not Brought Current: Identified during the testimony of ▮▮▮▮ (Trans. p.166-73; 246)

- Excel Spreadsheet of California Properties Database: Identified during the testimony of ▮▮▮▮ (Trans. p.95)

- Structured Settlement Chart: Identified during the testimony of ▮▮▮▮ (Trans. p. 96-97)

- List of Woodbridge Wealth Employees Paid by ▮▮▮▮ Identified during the testimony of ▮▮▮▮ (Trans. p.58-59)

Woodbridge Group of Companies, LLC
c/o David Nelson. Esq.
May 18, 2017

- Employee Phone List: Identified during the testimony of ▮▮▮▮ (Trans. p.59-64; 143; 197; 231-34)

- Lists of Current and Former Employees (aka "Employee Worksheet"; "Terminated Employee Worksheet"): Identified during the testimony of ▮▮▮▮ (Trans. p.120-22; 125-27; 229-31)

- Payroll Worksheet Document: Identified during the testimony of ▮▮▮▮ (Trans. p.221-22

Based on the description of these documents during testimony, the staff believes that these documents are readily identifiable and able to be produced immediately. We request production of these documents immediately, but in any event, no later than **Thursday, May, 25, 2017.**

(2) <u>Prioritized Production of Specific E-mail</u>

The staff's January 31, 2017 subpoena to Woodbridge required the production, among other items, of company e-mail. (Requests 1k, 1l, and 1m). To date, Woodbridge has not produced any company e-mail responsive to these requests. By this letter, we request that Woodbridge prioritize the immediate production of company e-mails sent to, from, or received by the following custodians:

- ▮▮▮▮ (company e-mail addresses)
- ▮▮▮▮ (any company e-mail sent to, received from or copied to this address)
- ▮▮▮▮
- ▮▮▮▮

To expedite the production of responsive e-mails, we propose that Woodbridge use the search terms proposed in your letter dated April 21, 2017 along with the following additional terms (collectively "E-mail Search Terms"): Private placement, PPM, Investor, Offering, Lender, Loan, "first position commercial mortgage," FPCM, Bridge, Construction, Lottery, Structured, Settlement, Presentation, Sales agent, Financial planner, Advisor, Paid, Pay, Payment, Interest, Principal, Refund, ▮▮▮▮ Mortgage, Commission, Fee, Override, ▮▮▮▮, ▮▮▮▮, ▮▮▮▮, ▮ and ▮▮▮▮.

The staff requests that Woodbridge propose an estimated time-frame for the complete production of this limited number of initial e-mails.

### B. E-mail Production from Non-Entity Clients

For each of your non-entity, individual clients in this matter, the staff has subpoenaed the production of all personal e-mails used to conduct Woodbridge business relating to the subject matter of our investigation for the period from January 1, 2011 to present. The staff is concerned that the search terms and protocol used by your clients may not be uncovering all responsive documents to our requests. Despite the over six year period covered by the subpoenas, less than twenty e-mails have actually been produced. For example, the following witnesses have

Woodbridge Group of Companies, LLC
c/o David Nelson. Esq.
May 18, 2017

represented that their search for responsive documents yielded no documents whatsoever: ▮, ▮, ▮, ▮, ▮ and ▮. Each of the remaining productions from your clients contain a *de minimus* number of documents: ▮ (2 e-mails); ▮ (former client) (2 emails) and ▮ (8 e-mails).

By this letter the staff requests that counsel provide it with the search terms and protocol used by its clients to conduct their respective searches for responsive documents to determine whether these search terms and protocol need supplementation to uncover responsive e-mails.

### C. E-mail Production from Remaining Non-Entity Clients

Counsel requested that the staff narrow the e-mail requests to certain non-entity clients prior to their respective searches for responsive documents. These clients include the following: ▮ (documents due March 17, 2017); ▮ (documents due March 17, 2017), ▮ (documents due April 3, 2017) and ▮ (documents due April 24, 2017). By this letter the staff requests that these clients use the E-mail Search Terms noted above to conduct their searches for responsive documents.

The following e-mail productions are past due and should be provided to the staff immediately: ▮ (documents due March 24, 2017) and ▮ (documents due April 28, 2017).

### D. Privilege Logs

The instructions to each of the subpoenas issued to your clients noted above required the producing party to indicate whether any documents called for by the subpoena were withheld for any reason, including a claim of attorney-client privilege, and to provide a list of items not being produced, and if applicable, a privilege log. None of your clients' productions appear to include this required information. By this letter, we request that each of your clients in this matter immediately supplement their productions to indicate whether any responsive documents were withheld and if applicable, produce a corresponding privilege log. For all future productions from these and any additional clients in this matter, we request that the producing party likewise provide this required information contemporaneously with each production.

If you have any questions or would like to discuss this matter, you may call me at 305.982.6387 or Linda S. Schmidt, Senior Counsel, at 305.982.6315.

Sincerely,

*Scott A. Lowry*

Scott A. Lowry
Senior Counsel
Division of Enforcement

4