UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-mc-22665-CIV-ALTONAGA

---

SECURITIES AND EXCHANGE COMMISSION,

   Applicant,

v.

WOODBRIDGE GROUP OF COMPANIES, LLC,

   Respondent.

---

**PLAINTIFF'S MOTION FOR CONTEMPT OF COURT**

  Plaintiff Securities and Exchange Commission, pursuant to Section 21(c) of the Securities Exchange Act of 1934 ("Exchange Act") respectfully requests the Court find Respondent Woodbridge Group of Companies ("Woodbridge") in contempt of Court for its failure to abide by the Court's Order on SEC's Application to Enforce Administrative Subpoena Against Woodbridge Group of Companies, LLC [DE 25]. Woodbridge has failed to provide the company related AOL.com emails of Robert Shapiro and Nina Pedersen, and has indicated it does not intend to do so. The Commission therefore respectfully requests that Woodbridge be held in contempt.

**I. BACKGROUND**

  As the Court is aware, the Commission moved to enforce the subpoena it issued to Woodbridge on January 31, 2017 ("Subpoena"). The culmination of the Commission's Application, after full briefing and a hearing, was the entry of the Court's Order on September 20, 2017. [DE 24 & 25]. Pursuant to the Order, on October 2, 2017, Woodbridge was to provide

the SEC all non-privileged emails from January 1, 2012 through the date of the Order which were sent to, sent from, or received by: (1) Robert Shapiro (through his aol.com account(s) and/or Woodbridge email account(s)); (2) Dayne Roseman; and (3) Nina Pedersen (through her aol.com account(s) and/or Woodbridge e-mail account(s)), limited by the 23 search terms Respondent had originally proposed, as well as a privilege log. The Order then required, in staggered two-week intervals, additional production, first emails of those same individuals using the SEC's additional 30 search terms, and then the emails of ten other individuals using first Woodbridge's search terms and then the SEC's. All other production pursuant to the Subpoena was required to be produced by November 27, 2017, along with a privilege log.

On October 2, 2017, Respondent's counsel transmitted correspondence indicating they were producing documents responsive to the Subpoena, including responses to the three specific subparts of the Subpoena that concerned email production. [Exhibit A]. The correspondence indicated that the production "contains Woodbridge emails covered by Section A of the Order dated September 20, 2017 [in this matter]." The letter provided no other information concerning the production.

Upon receipt of the cover letter, counsel for the SEC immediately wrote Respondent's counsel asking for clarification, by the close of business the following day, whether the production constituted all responsive documents called for by Section A of the Order, and if it did not, to please identify any emails not produced. [Exhibit B]. The following day, Tuesday October 3, 2017, at 4:40 p.m., Respondent's counsel replied that they would have a written response the following day. [Exhibit C].

The next day, October 4, 2017, two days after the response to the Subpoena was due, SEC counsel was forced to again inquire as it had not received any clarification from

2

Respondent's counsel. At 7:39 p.m., SEC's counsel thus, once again, asked for clarification whether Respondent's production was complete. [Exhibit D]. It was only after this second inquiry when Respondent's counsel responded. [Exhibit E].[1]

In the Respondent's response, counsel noted that the production included only emails of Dayne Roseman's Woodbridge email address [Exhibit F, pg. 1]. Counsel informed that there were no responsive documents in the Woodbridge email addresses of Robert Shapiro or Nina Pedersen. [*Id.*].

Counsel then detailed how Mr. Shapiro and Ms. Pedersen refused Woodbridge's request that they either give Woodbridge access to their AOL accounts or consent to AOL providing that information to Woodbridge. [*Id.,* pp. 1-2]. Counsel also represented it contacted AOL directly in an attempt to obtain Mr. Shapiro and Ms. Pedersen's emails, but AOL was non-responsive. [*Id.,* pg. 2]. Counsel thus claimed Woodbridge had no legal means to gain access to Mr. Shapiro or Ms. Pedersen's AOL accounts. Therefore, given these representations, the Commission is now forced to bring this motion.

**II.     ARGUMENT**

    **A.  <u>Mr. Shapiro and Ms. Pedersen's AOL Emails Are Company Emails Subject to Subpoena</u>**

Woodbridge, a private company, was founded by Mr. Shapiro [DE 10, at 1, fn. 1; DE 15 at 5]. Shapiro is its President and its owner [Exhibit G at 57-58; Exhibit H at 42],[2] and has sole

---

[1] Respondent's counsel attributed the delay in responding to a miscommunication as to who was going to send their formal written response to the SEC. [Exhibit E].

[2] Exhibit G contains excerpts from the sworn investigative testimony of Bibiana Farrington, Woodbridge's Director of Client Management, and Exhibit H contains excerpts from the sworn investigative testimony of Brenda Wise, Woodbridge's Human Resources Director.

control over Woodbridge's main operating bank account [Exhibit I at 57-58].[3]  Ms. Pedersen, as Comptroller, is Woodbridge's head accounting person [Exhibit G at 93-94], and handles all of Woodbridge's accounting [Exhibit G at 93-94; Exhibit I at 44].  For business communications, Mr. Shapiro and Ms. Pedersen exclusively used their AOL accounts.  In Woodbridge's Response to the Commission's Order to Show Cause [DE 15], Woodbridge stated, "…Shapiro and [Pedersen] started working at Woodbridge years before the company grew large enough to have a Woodbridge domain.  Accordingly, they used and continue to use personal AOL accounts for both work and personal emails."  [*Id.* at 16].  Furthermore, at the hearing, counsel for Woodbridge reinforced this fact by confirming "[g]enerally, Robert Shapiro and Nina Pederson used AOL."  [Exhibit L at 18, lines 21-22].  Counsel went on to explain that "when they started out they didn't have a Woodbridge server, and Shapiro and Pederson were there in the early years and used only their AOL accounts…when they tried to migrate them, they had technical problems; so they stayed with AOL."  [*Id.* at 18, line 21 – 19, line 8].

Moreover, in Woodbridge's production at issue here, Woodbridge has again ratified this proclamation, noting that, "There are no responsive documents in the Woodbridge email addresses of Robert Shapiro or Nina Pedersen."  [Exhibit A].  Therefore, it is readily apparent, by Woodbridge's own admission, and its clear knowledge of both Mr. Shapiro and Ms. Pedersen's practices, that Mr. Shapiro and Ms. Pedersen's AOL accounts contain company emails which fall under the purview of the Subpoena.  *See e.g. Puerto Rico Telephone Co. v. San Juan Cable, LLC,* 2013 WL 5533711 (D.P.R. Oct. 7, 2013) (where company knew officers were

---

[3] Exhibit I contains excerpts from the sworn investigative testimony of Timothy Faller, Associate Counsel for Woodbridge, and its designated corporate representative.

using personal email accounts to conduct business, duty to preserve records extended to those personal email accounts).

## B. The Fifth Amendment Does not Provide Protection for These Company Records

The Fifth Amendment does not provide a corporation protection in responding to a subpoena, nor does it provide protection for an individual from providing corporate records. Plainly, a corporation is not afforded protection under the Fifth Amendment. *Braswell v. U.S.*, 487 U.S. 99 (1988). The Fifth Amendment privilege applies only to natural individuals and protects only private papers. *Id.* at 107. The Supreme Court has long recognized that, for the purposes of the Fifth Amendment, corporations and other collective entities are treated differently from individuals. *Id*. at 104. This long-standing doctrine—known as the "collective entity" doctrine—holds that representatives of a "collective group" act as agents "and the official records and documents of the organization that are held by them in a representative rather than in a personal capacity cannot be the subject of the personal privilege against self-incrimination, even though production of the papers might tend to incriminate them personally." *Id*. at 107 (citing *U.S. v. White,* 322 U.S. 694 (1944)).

It then follows, that an individual cannot hide behind his or her corporation as an excuse for failing to produce records the corporation is required to produce. A representative of a corporation cannot assert a Fifth Amendment objection regarding the production of corporate records, even if the act of production might prove personally incriminating. *Id*. A custodian's assumption of his representative capacity leads to certain obligations, including the duty to produce corporate records on proper demand by the Government. *Id*. at 110. Therefore, a custodian's act of production is not deemed a personal act, but rather an act of the corporation,

5

and any claim of Fifth Amendment privilege asserted by the corporation's representative would be "tantamount to a claim of privilege by the corporation—which of course possesses no such privilege." *Id.*

The "collective-entity" doctrine is rightfully concerned with the "absurdity that would result should individuals be able to claim their own Fifth Amendment privilege to shield from government purview the documents of a collective entity." *In re Grand Jury Subpoena Duces Tecum (Appeal of Hoard Ackerman)*, 795 F.2d 904, 906 (11th Cir. 1986). It is indisputable that the AOL emails at issue here are corporate records. Respondent has twice averred such to this Court. It is also undisputed that Woodbridge is a private company founded and wholly owned by Mr. Shapiro, and both he and Ms. Pedersen, the Comptroller for Woodbridge, are in possession of these records. "[T]he incorporator's voluntary election to take on the corporate form carries with it an intrinsic awareness that the contents of corporate records are never privileged." *See In Re Grand Jury No. 86-3 (Will Roberts Corp.)*, 816 F. 2d 569, 572 (11th Cir. 1987). There is simply no protection for these corporate emails under the Fifth Amendment. *See e.g. In Re Grand Jury Subpoena Dates Nov. 12, 1991, FGL 91-5 (MIA)*, 957 F.2d 807, 813 (11th Cir. 1992) (individual retains obligation to produce corporate documents in his possession, even if no longer employed by the corporation).

### C. **Woodbridge Controls Shapiro and Pedersen and Thus Must Produce Their Company AOL Emails**

Woodbridge counsel's October 4, 2017 letter asserts that Woodbridge made every effort to request and/or demand Shapiro and Pedersen produce their AOL emails responsive to the Subpoena, but was denied. [Exhibit F]. Woodbridge therefore concluded obtaining such email was an impossibility. [*See id.*]. This is patently incorrect because Woodbridge controls Shapiro and Pedersen.

Woodbridge's attempt to hide behind Shapiro and Pedersen's assertion that they will not produce their emails is a sham. Woodbridge is under Court Order to produce Shapiro and Pedersen's relevant *company* AOL emails and Shapiro and Pedersen are two individuals under Woodbridge's control. "Control" for purposes of discovery is the "legal right to obtain the documents requested upon demand." *Sergeeva v. Tripleton Int'l Ltd.* 834 F.3d 1194, 1201 (11th Cir. 1984) (quoting *SeaRock v. Stripling,* 736 F.2d 650, 653-54 (11th Cir. 1984)). Indeed, "legal right" does *not* mean "legal control," thus control is not necessarily negated by the fact that a third-party has actual possession of responsive documents. *Id.,* at 1201, fn. 6, citing *Sciele Pharma, Inc., v. Brookstone Pharms., LLC,* 2011 WL 3844891, *4 (N.D. Ga. Aug. 30, 2011).

Documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action. *In re NTL Inc., Sec. Litig.,* 244 F.R.D. 179, 195 (S.D.N.Y. 2007). Woodbridge clearly has that authority over Shapiro and Pedersen. The Magistrate Judge in *Montesa v. Schwartz,* 12-CV-6057 (S.D.N.Y, March 6, 2016 *slip op.*) [Exhibit J], *aff'd* 12-CV-6057, (S.D.N.Y, April 8, 2015) [Exhibit K] faced with the almost identical situation stated:

> The Defendant District has made a business decision not to provide its board members and agents district email addresses, thus any official district business conducted by email by these individual defendants resides in their respective personal email accounts. By virtue of this business decision, the Defendant District cannot shield discovery of official business on the basis that the email accounts are not in their custody and control.

[Exhibit J at 2.]

*See also Chevron Corp. v. Salazar,* 275 F.R.D. 437, 448-49 (S.D.N.Y. 2011) (ordering subpoena recipient to produce former employee's business emails sent and received using personal email address); *Miniace v. Pacific Maritime Ass'n.* 2006 WL 335389, *2 (N.D. Cal. Feb. 13, 2006) (Defendant deemed to have control over Board of Directors by virtue of the "simple fact" that a

7

director can be removed from the Board. Therefore, current Directors ordered to disclose documents in their personal possession); *Caston v. Hoaglin*, 2009 WL 1687927, *3 (S.D. Ohio, June 12, 2009) (Plaintiff's motion to serve subpoena on Defendant's employees for documents denied because Defendant deemed to have control over its employees and the records within their possession). Plainly, Woodbridge has control over Shapiro, its President, and Pedersen, an employee who can be terminated. Woodbridge has control over their company AOL emails subject to the Subpoena and Order, and their failure to produce them is cause for contempt, as authorized in Section 21(c) of the Exchange Act, which reads:

> **(c) Judicial enforcement of investigative power of Commission; refusal to obey subpoena; criminal sanctions**
> In case of contumacy by, or refusal to obey a subpoena issued to, any person, the Commission may invoke the aid of any court of the United States within the jurisdiction of which such investigation or proceeding is carried on, or where such person resides or carries on business, in requiring the attendance and testimony of witnesses and the production of books, papers, correspondence, memoranda, and other records. <u>And such court may issue an order requiring such person to appear before the Commission or member or officer designated by the Commission, there to produce records, if so ordered, or to give testimony touching the matter under investigation or in question;</u> **and any failure to obey such order of the court may be punished by such court as a contempt thereof.** All process in any such case may be served in the judicial district whereof such person is an inhabitant or wherever he may be found. Any person who shall, without just cause, fail or refuse to attend and testify or to answer any lawful inquiry or to produce books, papers, correspondence, memoranda, and other records, if in his power so to do, in obedience to the subpoena of the Commission, shall be guilty of a misdemeanor and, upon conviction, shall be subject to a fine of not more than $1,000 or to imprisonment for a term of not more than one year, or both.

15 U.S.C. § 78u(c) (emphasis added).

### III.   CONCLUSION

The Subpoena and subsequent Order require Woodbridge to produce its company emails of Shapiro and Pedersen, which by Woodbridge's own admission, are contained within their AOL accounts. Because the Subpoena and subsequent Order require production of the company

emails from Shapiro and Pedersen's AOL accounts in their capacities as representatives of Woodbridge, neither Mr. Shapiro nor Ms. Pedersen can successfully assert Fifth Amendment privilege over these documents, nor can Woodbridge hide behind their purported assertions. Woodbridge *is* Shapiro, and Woodbridge controls both Shapiro and Pedersen. Therefore, the Court should find that Woodbridge's failure to produce the company emails of Mr. Shapiro and Ms. Pedersen is a contemptable offense.

## **Local Rule 7.1 Conferral**

We hereby certify that we conferred with counsel for the Respondent who have indicated they cannot provide us with their position at this time. Counsel indicated they are attempting to obtain emails directly from AOL, but have not received a response from AOL. The Commission's position remains, as more fully detailed in the motion above, that Woodbridge controls Shapiro and Pedersen, and should itself produce the company's email records.

Dated:  October 13, 2017              Respectfully submitted,

                              By:     s/*Russell Koonin*
                                      Russell Koonin
                                      Senior Trial Counsel
                                      Florida Bar No. 474479
                                      Direct Dial: (305) 982-6385
                                      E-mail:  kooninr@sec.gov


                                      s/*Christine Nestor*
                                      Christine Nestor
                                      Senior Trial Counsel
                                      Florida Bar No. 597211
                                      Direct Dial: (305) 982-6367
                                      E-mail:  nestorc@sec.gov


                                      Attorneys for Plaintiff
                                      **SECURITIES AND EXCHANGE COMMISSION**
                                      801 Brickell Avenue, Suite 1800
                                      Miami, Florida 33131
                                      Telephone: (305) 982-6300
                                      Facsimile: (305) 536-4154




{Plaintiff's Motion for Contempt of Court}

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 13, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

## SERVICE LIST

David Nelson, Esq.
James Grippando, Esq.
Brendon Olson, Esq.
Boies Schiller & Flexner, LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:954-377-4233
Facsimile:954-356-0022
*Attorneys for Respondent, Woodbridge Group of Companies*

/s/ *Russell Koonin*
Russell Koonin, Esq.

## ADDITIONAL SERVICE

**I HEREBY CERTIFY** that on October 13, 2017, I caused the foregoing document to be served via email and overnight delivery on:

Ryan O'Quinn, Esq.
DLA Piper
200 South Biscayne Boulevard Suite 2500
Miami, Florida  33131-5341
ryan.oquinn@dlapiper.com
*Counsel for Robert Shapiro*

Bruce Reinhart
250 S. Australian Ave., Suite 1400
West Palm Beach, FL 33401
breinhart@brucereinhartlaw.com
*Counsel for Nina Pedersen*

/s/ *Russell Koonin*
Russell Koonin, Esq.