# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  17-22665-CIV-ALTONAGA/Goodman

SECURITIES AND EXCHANGE
COMMISSION,

                Applicant,

v.

WOODBRIDGE GROUP OF
COMPANIES, LLC,

                Respondent.

_____/

**DECLARATION OF ROBERT REED, ESQ. IN SUPPORT OF WOODBRIDGE'S
OPPOSITION TO SECURITIES AND EXCHANGE COMMISSION'S
<u>MOTION FOR CONTEMPT OF COURT</u>**

      ROBERT REED, pursuant to 28 U.S.C. §1746, declares under penalty of perjury as

follows:

      1.      I am an attorney and a member in good standing of the Connecticut Bar

Association.  I hold a Juris Doctor degree from the University of Connecticut School of Law, am

over twenty-one years of age and have personal knowledge of the matters set forth herein.[1]

---

[1] This declaration supplements the previously filed "Declaration of Robert Reed, Esq. in Support
of Woodbridge's Opposition to Securities and Exchange Commission's Application for Order to
Show Cause" (Sept. 5, 2017) [D.E. 15-1], attached as Exhibit A to Woodbridge Group of
Companies, LLC's Response to Order to Show Cause" (Sept. 5, 2017) [D.E. 15] (hereinafter
"First Reed Declaration").

.

2.      I am employed by Woodbridge Group of Companies, LLC ("Woodbridge") as Associate Counsel.  Since October 2016, my responsibilities have included overseeing Woodbridge's responses to formal and informal requests for information under the investigation captioned "Woodbridge Mortgage Investment Fund III, LLC (FL-04024)," conducted by the United States Securities and Exchange Commission's Miami Regional Office (the "SEC Investigation").  These tasks include, without limitation, legal advice rendered to Woodbridge and its employees; identification, review, analysis and production of documents that are responsive to SEC requests and subpoenas; meetings and communications with Woodbridge employees, subpoenaed witnesses, other members of the Woodbridge legal department, and with outside counsel; review and analysis of subpoenas, responses to subpoenas, and other documents related to the SEC Investigation; and other related matters.  To date, Woodbridge's in-house legal staff, with the assistance of outside counsel, has responded to 75 SEC subpoenas directed to 52 different individuals and 12 different entities in 11 different states.

3.      My duties also include overseeing the company's production of emails pursuant to the court order dated September 19, 2017 ("Order") [D.E. 25].  The Order scheduled the production of emails in four phases beginning on October 2, 2017, and ending November 13, 2017.  Paragraph "A" of the Order called for Woodbridge to produce by October 2, 2017, all non-privileged emails sent to, sent from, or received by: (1) Robert Shapiro (through his aol.com account(s) and/or Woodbridge email account(s)); (2) Dayne Roseman; and (3) Nina Pedersen (through her aol.com account(s) and/or Woodbridge e-mail account(s)), limited by the 23 search terms attached as Exhibit A to the Order ("Phase A").[2]  Paragraph B of the Order directed

---

[2]  The SEC repeatedly refers to the 23 terms on Exhibit A as "the 23 search terms Respondent had originally proposed."  *E.g.,* Motion at 2.  The description is misleading.  As explained in the First Reed Declaration, Woodbridge proposed the 23 terms as a starting point for discussion

Woodbridge to repeat the exercise as to each custodian with 30 different search terms attached as Exhibit B to the Order ("Phase B"). The deadline for production of Phase B was October 16, 2017.

4.      Prior to the Order, Woodbridge had already engaged a third-party vendor, Rational Enterprise ("Rational") and exported the "entire universe of emails" (as the SEC had requested)[3] of Dayne Roseman to Rational. Rational loaded the Roseman emails on its system to create a searchable database. The export and extraction by Rational for that one email account alone took a total of 5 business days. Upon successful upload, Rational reported that the volume of emails and attachments in the Roseman database comprised a total of approximately of 325 GBs.

5.      From the date of the Order (September 19) through the production deadline for Phase A (October 2), Woodbridge, Rational and Woodbridge's outside counsel worked seven days per week. On October 2 Woodbridge delivered approximately 418,101 emails and attachments in its Phase A production, including 1,715,087 Images (TIFF) and 2.41GB of Native Files (WOODBRIDGE SEC_01312042 – 03027128). Woodbridge also provided a privilege log.

6.      The invoice from Rational for its services in connection with Phase A alone exceeds $59,000. This total does not include any attorney time from outside counsel.

---

about search terms, with the understanding that the parties would negotiate in good faith and eliminate the overly inclusive terms that failed to narrow of the SEC's overly broad request. The overly voluminous production in Phase A supports the Woodbridge's position that further negotiations were needed. First Reed Decl. ¶¶ 23-25.

[3] *See* Tab 6 to the First Reed Declaration [D.E. 15-1 at 40-41]. Woodbridge does not waive its objection to the SEC's demand for "the entire universe" of emails as overly broad, unduly burdensome, and beyond the scope of the January 31, 2017, subpoena at issue.

7.      Woodbridge then immediately turned its efforts to Phase B, again working seven days per week.  On October 16, 2017, Woodbridge produced another 107,425 emails and attachments (WOODBRIDGE SEC_03027129 – 03181768), bringing the total Phase A and Phase B production to over 1.8 million pages of documents.  Also on October 16 Woodbridge provided an updated privilege log, as required by the Order.  Included in Phase A and Phase B were all responsive, non-privileged emails from the Roseman database in which Mr. Shapiro (bobshap1@aol.com) and Ms. Pedersen (ninasus33@aol.com) were a participant.

8.      The 1.8 million pages produced in Phases A and B of Woodbridge's email production are over and above the more than 1.3 million pages of documents previously produced to the SEC, as described more fulling in my previous Declaration.  First Reed Decl. ¶¶ 7-22.

9.      Immediately after completing Phase B, Woodbridge turned to Phase C, which covers ten additional Woodbridge employees and former employees.  Woodbridge is on schedule to produce responsive, non-privileged emails from these ten additional custodians by the October 30, 2017, deadline.  The production from these ten additional custodians will include all responsive, non-privileged emails in which Mr. Shapiro (bobshap1@aol.com) or Ms. Pedersen (ninasus33@aol.com) were a participant.

10.     Included in the 1.8 million pages produced in Phase A and Phase B are 22,916 emails to or from Mr. Shapiro or Ms. Pedersen.  Woodbridge is on schedule to produce a similar group of emails in the next phase of production.  Although Rational is still processing the emails for Phases C and D, preliminary estimates show at least 50,000 responsive, non-privileged emails to or from each AOL email address.  By the end of the production timeline established in the Order (covering Phases A, B, C and D), the SEC will have received all those non-privileged

4

emails to or from Mr. Shapiro and/or Ms. Pedersen that (i) were elicited by the 53 search terms specified in the Court's Order, and (ii) were in any of the Woodbridge addresses specified in the Court's Order.  In other words, the SEC will, by November 13, *have all of Mr. Shapiro's and Ms. Pedersen's AOL emails to or from all of the 11 key Woodbridge employees* the SEC specified in its moving papers and that the Court incorporated into its order at the SEC's request.

11.     Woodbridge took all reasonable measures to produce additional AOL emails that may exist in the personal AOL accounts of Mr. Shapiro and Ms. Pedersen.  Mr. Shapiro and Ms. Pedersen each has individual counsel in this investigation and are not represented by Woodbridge in-house counsel or by Woodbridge's outside counsel (Boies Schiller Flexner LLP). Woodbridge's counsel wrote to counsel for Mr. Shapiro and Ms. Pedersen and requested in writing that Shapiro and Pedersen provide Woodbridge immediate access to emails in their personal AOL accounts.  Tab 1 & Tab 2.  They declined in writing, stating that they were invoking their Fifth Amendment rights.  Tab 3 & Tab 4.  Woodbridge does not punish employees for exercising their constitutional rights, especially where, as here, there is absolutely no evidence that those employees have engaged in any wrongdoing, been accused of any wrongdoing, let alone committed a crime.  Woodbridge informed the SEC of this position.  Tab 5.

12.     Woodbridge also sought to obtain the emails of Mr. Shapiro and Ms. Pedersen directly from AOL.  Woodbridge's counsel wrote to AOL on September 22, 2017, and again on October 13, 2017, demanding access to the AOL emails accounts of Mr. Shapiro and Ms. Pedersen.  Tab 6 & Tab 7.  AOL responded on October 18, 2017, declining to provide Woodbridge access to the AOL accounts, citing its own legal obligations under federal law.  Tab 8.

13.     Woodbridge has no company policy governing an employee's use of a personal email account for company business.  Neither Mr. Shapiro nor Ms. Pedersen has a written contract governing the terms of their employment with Woodbridge.

14.     While producing emails in compliance with the Order, Woodbridge has complied and continues to diligently comply with the SEC's numerous other subpoenas and requests.  For example:

- On October 13, 2017, Woodbridge facilitated the initial production of documents from Woodbridge's internet marketing vendor in New York;

- On October 17, 2017, Woodbridge facilitated and provided the testimony of a former Woodbridge in-house counsel in Florida.

- On October 13 and 18, Woodbridge facilitated the production of documents from Woodbridge's outside counsel, including trust account records and wire transfer documentation.

- On October 18, 2017, Woodbridge facilitated the appearance of its California real estate counsel for testimony.  The witness appeared in Los Angeles and counsel for the witness appeared in Miami to participate via videoconference.  The SEC did not proceed with the examination.

- On October 19, Woodbridge facilitated and provided the testimony of a former Woodbridge employee in California.

- Since the issuance of the Order, Woodbridge facilitated the production of documents from six outside financial planners who sold Woodbridge products as well as two other individuals, totaling approximately 107,696 additional pages of documents and emails.

15.     Woodbridge has been accused of no wrongdoing by the SEC.[4]  The SEC has named not a single one of the company's officers, owners, employees, or affiliates in a civil

---

[4]  For example, the press release issued by the SEC on September 21, 2017, to inform the public of the entry of an enforcement Order in this nonpublic investigation states as follows:  "The SEC is continuing its fact-finding investigation and to date has not concluded that any individual or entity has violated the federal securities laws."  Available at https://www.sec.gov/litigation/litreleases/2017/lr23939.htm.

complaint, and the company has received no indication that the Department of Justice is even considering a criminal investigation or criminal charges. To date, the SEC has provided no evidence to Woodbridge that Woodbridge, Mr. Shapiro, or Ms. Pedersen have engaged in any unlawful conduct.

16.     Woodbridge is a duly formed and existing Delaware limited liability company and registered in other applicable jurisdictions as required. Woodbridge has physical offices, equipment, supplies, and approximately 130 employees; email addresses; telephone numbers; bank accounts; loans payable and receivable; assets and liabilities; service providers, contractors, and vendors (such as payroll). Woodbridge also has its own Federal Employer ID Number, issues forms W-2 and 1099. Woodbridge enters into contracts and loan agreements, brings and defends claims and suits, and is subject and responds to regulatory inquiries such as this one.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on this 20th day of October, 2017 in Tolland, Connecticut.

Robert Reed

# Tab 1



DAVID NELSON
Tel.: (954) 377-4233
E-mail: dnelson@bsfllp.com

September 26, 2017

**VIA EMAIL & FEDERAL EXPRESS**

Robert Shapiro, CEO
WOODBRIDGE GROUP OF COMPANIES, LLC
14225 Ventura Blvd., Suite 100
Sherman Oaks, CA 91423

   **Re: *Securities and Exchange Commission v. Woodbridge Group of Companies, LLC,***
     **Case No.17-mc-22665-CIV-ALTONAGA**

Dear Mr. Shapiro:

   On behalf of our client, Woodbridge Group of Companies, LLC (Woodbridge), we write
to you regarding the above referenced investigation.

   Enclosed is an order issued by Judge Cecelia Altonaga, United States District Court for
Southern District of Florida, in the matter of *Securities and Exchange Commission v.
Woodbridge Group of Companies, LLC,* Case No.17-mc-22665-CIV-ALTONAGA (the
"Order"). The Order relates to an administrative subpoena issued by the SEC on January 31,
2017 (the "SEC Subpoena").

   We draw your attention to Paragraphs A and B of the Order, which direct Woodbridge to
produce to the SEC "all non-privileged emails for the time period of January 1, 2012 to the date
of this Order which were sent to, sent from, or received by: (1) Robert Shapiro *(through his
aol.com account(s)* and/or Woodbridge e-mail account(s)); … and (3) Nina Pederson *(through
her aol.com account(s)* and/or Woodbridge e-mail account(s)), limited by certain search times
attached to the Order. *Id.* (emphasis added) (hereinafter "the AOL Emails").

   The Order requires Woodbridge to produce the AOL Emails "on or before October 2,
2017." We therefore request that you immediately communicate to AOL your consent to allow

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



Robert Shapiro
September 26, 2017
P a g e | **2**


Woodbridge access to your AOL account.  That consent should be in writing and directed to:

    Julie M. Jacobs, Esq.
    Executive Vice President & General Counsel of AOL
    Attention: Robert Lloyd, Esq. (Robert .Lloyd@oath.com)
    AOL Inc.
    22000 AOL Way
    Dulles, VA  20166-9323

    Thank you for your attention to this matter.

                     Very truly yours,

                     David Nelson

DN/jm

Enclosure

cc:    Robert Lloyd, Esq. (Robert.Lloyd@oath.com)

# Tab 2



DAVID NELSON
Tel.: (954) 377-4233
E-mail: dnelson@bsfllp.com

September 26, 2017

**VIA EMAIL & FEDERAL EXPRESS**

Nina Pedersen
WOODBRIDGE GROUP OF COMPANIES, LLC
630 N Wild Olive Avenue
Daytona Beach, FL 32118

   **Re:** *Securities and Exchange Commission v. Woodbridge Group of Companies, LLC,*
     **Case No.17-mc-22665-CIV-ALTONAGA**

Dear Ms. Pedersen:

   On behalf of our client, Woodbridge Group of Companies, LLC (Woodbridge), we write to you in connection with the above referenced investigation.

   Enclosed is an order issued by Judge Cecelia Altonaga, United States District Court for Southern District of Florida, in the matter of *Securities and Exchange Commission v. Woodbridge Group of Companies, LLC,* Case No.17-mc-22665-CIV-ALTONAGA (the "Order"). The Order relates to an administrative subpoena issued by the SEC on January 31, 2017 (the "SEC Subpoena").

   We draw your attention to Paragraphs A and B of the Order, which direct Woodbridge to produce to the SEC "all non-privileged emails for the time period of January 1, 2012 to the date of this Order which were sent to, sent from, or received by: (1) Robert Shapiro *(through his aol.com account(s)* and/or Woodbridge e-mail account(s)); … and (3) Nina Pederson *(through her aol.com account(s)* and/or Woodbridge e-mail account(s)), limited by certain search times attached to the Order. *Id.* (emphasis added) (hereinafter "the AOL Emails").

   The Order requires Woodbridge to produce the AOL Emails "on or before October 2, 2017." We therefore request that you immediately communicate to AOL your consent to allow

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



Nina Pedersen
September 26, 2017
P a g e | **2**

Woodbridge access to your AOL account.  That consent should be in writing and directed to:

> Julie M. Jacobs, Esq.
> Executive Vice President & General Counsel of AOL
> Attention: Robert.Lloyd, Esq. (Robert.Lloyd@oath.com)
> AOL Inc.
> 22000 AOL Way
> Dulles, VA  20166-9323

Thank you for your attention to this matter.

Very truly yours,

David Nelson

DN/jm

Enclosure

cc:    Robert Lloyd, Esq. (Robert.Lloyd@oath.com)

# Tab 3

**Subject:**                      RE: SEC v. Woodbridge

**From:** O'Quinn, Ryan [mailto:Ryan.OQuinn@dlapiper.com]
**Sent:** Saturday, September 30, 2017 4:43 PM
**To:** Julie Malave <jmalave@BSFLLP.com>
**Cc:** David Nelson <dnelson@BSFLLP.com>; James Grippando <jgrippando@BSFLLP.com>; Brendon Olson <bolson@BSFLLP.com>; Kenneth M. Renae <krenae@BSFLLP.com>
**Subject:** RE: SEC v. Woodbridge

Mr. Nelson:

I am in receipt of your recent letter and I have forwarded the same on to my client.  As you know, Mr. Shapiro has asserted his right against self-incrimination, which is guaranteed to him by the Fifth Amendment to the US Constitution.  Your correspondence related to Woodbridge's corporate obligations asks Mr. Shapiro to engage in an act that may waive his asserted right.  Mr. Shapiro respectfully declines to waive his 5th Amendment rights.

Yours,


**Ryan Dwight O'Quinn**
Partner

**T** +1 305.423.8553
**M** +1 305.588.8023
**E** ryan.oquinn@dlapiper.com




DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131-5341
United States
www.dlapiper.com


Attention: The information contained in this e-mail message is privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message.


**From:** Julie Malave [mailto:jmalave@BSFLLP.com]
**Sent:** Tuesday, September 26, 2017 11:50 AM
**To:** O'Quinn, Ryan
**Cc:** David Nelson; James Grippando; Brendon Olson; Kenneth M. Renae
**Subject:** SEC v. Woodbridge

Please see attached correspondence sent on behalf of Dave Nelson.

Thank you.


**Julie Malave**

Legal Assistant

## BOIES SCHILLER FLEXNER LLP

401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(t)  +1 954 377 0704
(m) +1 954 356 0011
jmalave@bsfllp.com
**www.bsfllp.com**

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

# Tab 4

**Subject:**                         Re: SEC v. Woodbridge

**From:** Bruce Reinhart [mailto:breinhart@brucereinhartlaw.com]
**Sent:** Friday, September 29, 2017 3:13 PM
**To:** David Nelson <dnelson@BSFLLP.com>
**Subject:** Re: SEC v. Woodbridge

 David,

We have reviewed your letter. On behalf of Ms. Pedersen, we respectfully decline to authorize America Online to release her personal email account.  Please call me if you have any questions.

Bruce E. Reinhart, P.A.
250 S. Australian Ave., Suite 1400
West Palm Beach, FL 33401
561-429-8401 (Office)
561-596-5042 (Cell)
Breinhart@BruceReinhartLaw.com

www.brucereinhartlaw.com
Twitter:  @BruceEReinhart
Blog: BruceReinhart.Law.blog

On Sep 26, 2017, at 11:50 AM, Julie Malave <jmalave@BSFLLP.com> wrote:

> Please see attached correspondence sent on behalf of Dave Nelson.
>
> Thank you.
>
>
> **Julie Malave**
> Legal Assistant
>
> BOIES SCHILLER FLEXNER LLP
> 401 E. Las Olas Blvd., Suite 1200
> Fort Lauderdale, FL 33301
> (t)  +1 954 377 0704
> (m) +1 954 356 0011
> jmalave@bsfllp.com
> www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

<2017-09-26 Letter to Nina Pedersen re AOL.pdf>

<2017-09-20 [DE 25] ORDER on SEC'S Applicaton to Enforce an Admin Subpoena.pdf>

# Tab 5



BOIES
SCHILLER
FLEXNER

DAVID NELSON
Tel.: (954) 377-4233
E-mail: dnelson@bsfllp.com

October 4, 2017

**VIA EMAIL AND FEDERAL EXPRESS**

Scott A. Lowry, Senior Counsel
U.S. SECURITIES AND EXCHANGE COMMISSION
Miami Regional Office
801 Brickell Avenue, Suite 1800
Miami, FL 33131

      **Re: Woodbridge Mortgage Investment Fund III, LLC (FL-04024)**

Dear Mr. Lowry:

      I write on behalf of our client Woodbridge Group of Companies, LLC ("Woodbridge"), in response to your email of October 2, 2017, regarding the documents produced to you that same day.

      Your email asks Woodbridge to clarify whether our production of October 2, 2017 includes all responsive documents called for by Section A of the Order. Woodbridge's production complies with Section A of the Order. This latest production contains 418,101 emails and attachments, totaling over 1.7 million additional pages of information, from Dayne Roseman's Woodbridge email address. There are no responsive documents in the Woodbridge email addresses of Robert Shapiro or Nina Pedersen. This production contains all non-privileged emails (including full families) (i) in which Mr. Roseman and/or Mr. Shapiro and/or Ms. Pedersen were a participant and (ii) that were captured by the twenty-three search terms agreed to by the SEC and identified in Exhibit A of the Order. With Woodbridge's productions under Sections B, C, and D of the Court's Order, the SEC will be receiving more such emails from the ten other senior Woodbridge employees the SEC has identified. Thus, when Woodbridge's production under the Court's Order is complete in November, the SEC will have received all non-privileged emails (including full families) that in any way and in any combination of participants involve eleven of the most senior employees at Woodbridge (including the AOL emails of Robert Shapiro and Nina Pedersen) and that contain any one of the 53 identified search terms insisted on by the SEC.

      In order to comply with the spirit and letter of the Order, Woodbridge sent demand letters to Mr. Shapiro and Ms. Pedersen seeking their consent to allow AOL to produce emails to Woodbridge (and then to the SEC) from their personal accounts at AOL. Both individuals, through counsel, have expressed concerns about the detrimental impact of the SEC's subpoena on their rights under the Fourth and Fifth Amendments to the United States Constitution, and

BOIES SCHILLER FLEXNER LLP



Scott A. Lowry
October 4, 2017
P a g e | **2**

have declined to authorize access by Woodbridge to their personal AOL email addresses. Woodbridge respects its employees' rights to assert and protect their individual constitutional rights and, particularly in the absence of any evidence of improper conduct, concludes it would be improper for Woodbridge to penalize them for doing so. Woodbridge also contacted AOL directly, in writing and by telephone, providing AOL's General Counsel with a copy of the Court's Order and requesting access to Mr. Shapiro's and Ms. Pedersen's email addresses with or without their consent. Despite several follow up contacts, to date, AOL has declined to respond to Woodbridge's demands.

Woodbridge has complied (and will continue to comply) with both the spirit and letter of the Court's Order. It has no other legal means at its disposal to gain access to Mr. Shapiro's or Ms. Pedersen's AOL email accounts. Under the current track, however, it will produce every Shapiro or Pedersen AOL communication (To, From, CC, BCC, or Forward) found anywhere in the databases of the finite list of eleven senior-most Woodbridge employees, all of whom were hand-selected by the SEC in the proposed order that it presented at the hearing. The SEC is, of course, free to contact (or serve subpoenas on) AOL directly for any additional personal emails it might deem necessary to its investigation.

Woodbridge requests confidential treatment of this letter and the referenced documents (the "Confidential Material") under the Freedom of Information Act ("FOIA") for reasons of personal privacy and business confidentiality.

The Confidential Material is exempt from mandatory disclosure under various provisions of FOIA, including 5 U.S.C. § 552(b)(4) (which protects confidential commercial or financial information obtained from a person), 5 U.S.C. § 552(b)(7) (which protects records or information compiled for law enforcement purposes), and 5 U.S.C. § 552(b)(6) (which protects files that, if disclosed, would constitute an unwarranted invasion of personal privacy). Moreover, disclosure of these Confidential Materials may be prohibited under 18 U.S.C. § 1905, and further protections may be available under the Privacy Act of 1974, 5 U.S.C. § 552a. Finally, the Confidential Material is protected from disclosure because our client would not customarily release it to the public.

In accordance with 17 C.F.R. § 200.83 and other applicable laws and regulations, the Confidential Material is submitted to the Commission with our client's request, through the undersigned, that it be kept in a nonpublic file and that only Commission staff have access to it. Our client requests that the Commission notify the undersigned by telephone (954-377-4233) immediately after receiving any FOIA request for this letter or its enclosure, or any court order, subpoena, or summons seeking the same. Our client requests that the undersigned immediately be notified of such request, be furnished a copy of all written materials pertaining to such request (including but not limited to the request itself), and be given advance notice of any intended release so that our client has the opportunity to object to such disclosure and pursue any available remedies.



Scott A. Lowry
October 4, 2017
P a g e | **3**

  Should the Commission be inclined to grant any FOIA request for the Confidential Material, our client expects that the procedures set forth in 17 C.F.R. § 200.83 and Executive Order 12,600, 52 Fed. Reg. 23,781 (June 23, 1987), will be followed.  In that case, our client will further substantiate its request for confidential treatment, and will request a hearing on the claim of exemption.  Our client further requests that the Commission destroy all materials submitted to it when this matter is concluded.

  Finally, if the Commission or its staff determines to transfer any of the Confidential Material to another federal agency, please forward a copy of this letter to that agency along with the Confidential Material, and indicate that our client has requested confidential treatment of the material.

           Sincerely,

           David Nelson

DN/jm

cc: Freedom of Information Act Officer (*via FedEx*)
   Office of FOIA Services
   U.S. Securities and Exchange Commission

# Tab 6


BOIES
SCHILLER
FLEXNER

DAVID NELSON
Tel.: (954) 377-4233
E-mail: dnelson@bsfllp.com

September 22, 2017

Julie Jacobs, Esq.
Executive Vice President &
General Counsel of AOL
AOL Inc.
22000- AOL Way
Dulles, VA. 20166-9323

> RE:   **Securities and Exchange Commission v. Woodbridge Group of Companies, LLC.**
> **Case No.17-mc-22665-CIV-ALTONAGA**

Dear Ms. Jacobs:

We write on behalf of our client, Woodbridge Group of Companies, LLC (Woodbridge).

Enclosed is an order issued by Judge Cecelia Altonaga, United States District Court for Southern District of Florida, in the matter of *Securities and Exchange Commission v. Woodbridge Group of Companies, LLC,* Case No.17-mc-22665-CIV-ALTONAGA (the "Order").   The Order relates to an administrative subpoena issued by the SEC on January 31, 2017 (the "SEC Subpoena").

We draw your attention to Paragraphs A and B of the Order, which direct Woodbridge to produce to the SEC "all non-privileged emails for the time period of January 1, 2012 to the date of this Order which were sent to, sent from, or received by: (1) Robert Shapiro *(through his aol.com account(s)* and/or Woodbridge e-mail account(s)); ... and (3) Nina Pederson *(through her aol.com account(s)* and/or Woodbridge e-mail account(s)), limited by certain search times attached to the Order. *Id.* (emphasis added) (hereinafter "the AOL Emails").

The relevant AOL addresses include bobshap1@AOL.com (Robert Shapiro) and Ninasus33@aol.com (Nina Pederson).  Both Mr. Shapiro and Ms. Pedersen are currently Woodbridge employees and used their AOL address in part to conduct Woodbridge business.

The Order requires Woodbridge to produce the AOL Emails "on or before October 2, 2017." We therefore request that AOL immediately make the AOL emails available to Woodbridge so that Woodbridge can comply with the Court's Order.

Very truly yours,

David Nelson

cc:   Bruce E. Reinhart, Esq.
Ryan O'Quinn, Esq.

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

# Tab 7



DAVID NELSON
Tel.: (954) 377-4233
E-mail: dnelson@bsfllp.com

October 13, 2017

**VIA EMAIL AND FEDERAL EXPRESS**

Julie M. Jacobs, Esq.
Executive Vice President &
General Counsel of AOL
AOL Inc.
22000 AOL Way
Dulles, VA. 20166-9323

      RE:    **Securities and Exchange Commission v. Woodbridge Group of
             Companies, LLC, Case No.17-mc-22665-CIV-ALTONAGA**

Dear Ms. Jacobs:

      We write again on behalf of our client, Woodbridge Group of Companies, LLC
(Woodbridge).

      This letter is in follow up to our letter dated September 22, 2017, in which was enclosed
an order issued by Judge Cecelia Altonaga, United States District Court for Southern District of
Florida, in the matter of *Securities and Exchange Commission v. Woodbridge Group of
Companies, LLC,* Case No.17-mc-22665-CIV-ALTONAGA (the "Order"). The Order relates to
an administrative subpoena issued by the SEC on January 31, 2017 (the "SEC Subpoena"). We
also spoke on the telephone to Mr. Lloyd of your office, who promised to get back to us. To date
we have received no response from AOL.

      We again draw your attention to Paragraphs A and B of the Order, which direct
Woodbridge to produce to the SEC "all non-privileged emails for the time period of January 1,
2012 to the date of this Order which were sent to, sent from, or received by: (1) Robert Shapiro
*(through his aol.com account(s)* and/or Woodbridge e-mail account(s)); ... and (3) Nina
Pederson *(through her aol.com account(s)* and/or Woodbridge e-mail account(s)), limited by
certain search times attached to the Order. *Id.* (emphasis added) (hereinafter "the AOL Emails").

      The relevant AOL addresses include bobshap1@AOL.com (Robert Shapiro) and
Ninasus33@aol.com (Nina Pederson). Both Mr. Shapiro and Ms. Pedersen are currently
Woodbridge employees and used their AOL address in part to conduct Woodbridge business.

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



Julie Jacobs, Esq.
October 13, 2017
P a g e | **2**

        The Order requires Woodbridge to produce the AOL Emails "on or before October 2,
2017." That date has passed. Yesterday, the SEC notified us that they intend to file a motion
with the court to hold Woodbridge in contempt for failing to produce the emails that are under
AOL's control. We therefore reiterate our request that AOL immediately make the AOL emails
available. If AOL fails to respond to this second urgent request, Woodbridge will hold AOL
responsible for any adverse consequences it suffers as a result of the SEC's motion, and take all
available steps to enforce its legal and financial interests.

                                Very truly yours,


                                */s/ David Nelson*


                                David Nelson

DN/jm

cc:     Bruce E. Reinhart, Esq. (breinhart@brucereinhartlaw.com)
        Ryan O'Quinn, Esq. (ryan.oquinn@dlapiper.com)
        Russell Koonin, Esq. (kooninr@sec.gov )
        SR. TRIAL COUNSEL, SECURITIES & EXCHANGE COMMISSION

# Tab 8

**Oath:**
A Verizon company

1750 Pennsylvania Avenue, NW
Suite 600
Washington, D.C. 20006
Ethan Arenson
Senior Director
202-624-9362
ethan.arenson@oath.com

October 18, 2017
David Nelson
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
dnelson@bsfllp.com

Re:      Securities and Exchange Commission v. Woodbridge Group of
         Companies, LLC, Case No. 17-mc-22665-CIV-ALTONAGA

Dear Mr. Nelson:

Oath Inc. ("Oath"), formerly AOL Inc., is in receipt of your letter dated
October 13, 2017, regarding the above-captioned matter.

Your letter requests that Oath produce to you the full contents of two email
accounts used by third parties: bobshap1@aol.com and ninasuss33@aol.com.
For the reasons discussed below, Oath cannot comply with your request.

The federal Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*,
("SCA") prohibits a provider of an electronic communication service such as
Oath from disclosing the contents of electronic communications in electronic
storage, such as those you are seeking. 18 U.S.C. § 2702. There is no
exception for civil discovery demands, and courts have uniformly held so.
*See, e.g.*, *PPG Indus. v. Jiangsu Tie Mao Glass,* Case No. 2:15-cv-965, 2017
WL 3105878 at *2 (W.D. Pa. July 21, 2017) ("[I]t is plain that the SCA does
not provide an exception to its general prohibition for civil subpoenas."); *In
re Facebook, Inc.*, 923 F.Supp.2d 1204, 1206 (N.D. Cal. 2012) ("The case
law confirms that civil subpoenas may not compel production of records
from providers."); *Bower v. Bower*, 808 F.Supp.2d 348, 350 (D. Mass. 2011)
("government entities may require the disclosure of the contents of
customers' electronic communications or subscriber information in the
context of ongoing *criminal* investigations, but no similar authority is granted
to civil litigants.") (emphasis added); *J.T. Shannon Lumber Co., Inc. v. Gilco
Limber, Inc.*, Civil Action No. 2:07-CV-119, 2008 WL 3833216, at *1 (N.D.
Miss. Aug. 14, 2008) ("[T]here is no exception to th[e] [SCA's] statutory
prohibition against disclosure pursuant to a civil discovery subpoena"); *see
also Suzlon Energy Ltd. v. Microsoft*, 671 F.3d 726, 729-730 (9th Cir. 2011)
(non-governmental entities cannot obtain the content of communications with
a civil discovery demand because that would invade "the specific interests
that the [SCA] seeks to protect."); *Theofel v. Alwyn Farey-Jones*, 359 F.3d
1066, 1073-75 (9th Cir. 2004) (a civil discovery demand for content is not
valid legal process under the SCA); *Special Markets Ins. Consultants, Inc. v.
Lynch*, Case No. 11 C 9181, 2012 WL 1565348, at *2 (N.D. Ill., May 2,
2012) (quashing subpoenas for the content of electronic communications,



stating that "subpoenas like the ones here would eviscerate the SCA's purpose"); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611-12 (E.D. Va. 2008) (holding that "AOL … may not divulge the contents of … electronic communications … because the statutory language of the [SCA] does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas."); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1441-43 (2006) (civil demand for stored electronic content is unenforceable under the SCA).

The information you seek can be obtained by issuing a discovery request directly to the users, who are not subject to the SCA's prohibitions. Courts have recognized that a request for production directly to the user/content-generator is the appropriate way to obtain the contents of electronic communications held by an electronic communications service. *See Suzlon*, 671 F.3d at 730-31 (noting that the inability to obtain documents from a provider does not affect the ability to obtain the documents directly from the user); *Offenback v. L.M. Bowman, Inc.,* No. 1:10–CV–1789, 2011 WL 2491371, at *3 n.3 (M.D. Pa. June 22, 2011) (it is "proper for [the user] to have undertaken the initial review of his [online] account to determine whether it contained potentially relevant and responsive information, and thereafter to solicit the Court's assistance if a dispute remained as to whether *he should be required to produce* the information identified") (emphasis added); *O'Grady*, 139 Cal. App. 4th at 1446 ("Responding to . . . routine subpoenas would indeed be likely to impose a substantial new burden on service providers.").

Oath is a stranger to your dispute and takes no position as to whether the requested information is ultimately discoverable or admissible in your case. The SCA, however, makes clear that user content may not be obtained from Oath. Even in situations that do not implicate the federal prohibitions of the SCA, you have an obligation to avoid imposing an undue burden on non-parties, and non-party discovery should therefore occur only if the information is not available through discovery from the parties to the litigation themselves. *See, e.g., S.E.C. v. Cuban*, Case No. 3:08–CV–2050–D, 2012 WL 456532 (N.D. Tex. Feb. 10, 2012) (denying discovery request where materials were otherwise available to a party) (quoting *S.E.C. v. Brady*, 238 F.R.D. 429 (N.D. Tex. 2006) (quashing subpoena to non-party where documents were available from a party to the case)); *Medical Components v. Classic Medical*, 210 F.R.D. 175, 179 n.9 (M.D.N.C. 2002) ("The current generally prevailing view is that the Court may first consider whether information should be obtained by direct discovery from a party, as opposed to from a non-party, and that the court should give special weight to the unwanted burden thrust upon non-parties when evaluating the balance of competing needs.")

Should you ask the Court to enforce your request to Oath, we ask that you attach a copy of this letter to any papers you may file and alert the Court to each of the grounds upon which Oath objects to your request. Oath reserves the right to interpose additional objections to your request if this letter does not resolve this matter.

Sincerely,

Ethan Arenson
Oath Legal

2