UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-mc-22665-CIV-ALTONAGA/GOODMAN

SECURITIES AND EXCHANGE COMMISSION,

    Applicant,

v.

WOODBRIDGE GROUP OF COMPANIES, LLC,

    Respondent.

## APPLICANT'S SUPPLEMENT IN SUPPORT OF ITS MOTION FOR CONTEMPT

Applicant, Securities and Exchange Commission, in further support of its pending Motion for Contempt for Woodbridge Group of Companies, LLC's ("Woodbridge") failure to abide by the Court's Order [DE 29] submits the declaration of Lawrence R. Perkins in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief, filed in support of Woodbridge's voluntary petition for relief under Chapter 11 of the Bankruptcy Code filed in the United States Bankruptcy Court for the District of Delaware, Case No. 17-12560 (KJC) (Bankr. D. Del.) (attached hereto as Exhibit A) and states the following:

As the Court is familiar, the Commission's Motion for Contempt focuses on Woodbridge's failure to comply with the Court's Order [DE 25] to turn over the relevant company emails of its President, Robert Shapiro, and its Comptroller, Nina Pedersen. As set forth more fully in the Commission's Motion, the case law is clear that Mr. Shapiro and Ms. Pederson cannot assert a Fifth Amendment privilege as a basis for refusing to produce Woodbridge-related emails sent or received using their personal AOL accounts. [DE 29].

Woodbridge does not dispute this assertion in its Response. Rather, the gravamen of Woodbridge's response is its claimed lack of ability or authority to get the personal emails of

Mr. Shapiro and Ms. Pedersen because they have denied its request as has AOL [DE 32]. As the Commission pointed out in its Reply, for Woodbridge to claim that it cannot procure Shapiro's emails is farcical and attempts to makes a mockery of the Commission's enforcement powers. Woodbridge controls Shapiro and Pedersen [*Id.*]. Mr. Perkins' declaration in the bankruptcy further illustrates this point.

Mr. Perkins was appointed at the Chief Restructuring Officer of WGC Independent Manager, LLC, which is the sole manager of Woodbridge, the Respondent in the instant matter, and a Debtor in the bankruptcy matter [Exhibit A, ¶2]. Mr. Perkins was retained by Woodbridge to serve as the Chief Restructuring Officer for Woodbridge, the related Debtors, and certain of their non-debtor affiliates and subsidiaries (collectively the "Woodbridge Group Enterprise") [*Id.,* ¶3].

As averred by Mr. Perkins, the Woodbridge Group Enterprise conducts its operations through a network of affiliated companies that own the various assets comprising its businesses [*Id.*, ¶14]. These companies are *all* directly or indirectly owned by RS Protection Trust, ("Shapiro Trust") an irrevocable trust settled under Nevada law, of which *Robert Shapiro* is the trustee, or Mr. Shapiro or members of his family [*Id.,* emphasis added; see also Exhibit B]. Members of Mr. Shapiro's family are the sole beneficiaries of the Shapiro Trust [Ex. A, ¶14]. Per Mr. Perkins's continuing description, as augmented by the organizational chart found attached as Exhibit A to Mr. Perkins' declaration [ECF page 33], *everything,* including Woodbridge Group of Companies, falls under the umbrella of the Shapiro Trust. [*Id. ¶*15-16].

As Mr. Perkins explains, the fundraising operation, managed by WMF Management, LLC ("WMF Management") which owns seven fund entities (the "Funds"), were historically controlled by the Shapiro Trust [*Id. ¶*16]. Prior to the Bankruptcy Petition Date, to facilitate the Debtor in Possession Financing and the administration of the Chapter 11 cases, *Mr. Shapiro*, acting as Trustee of the Shapiro Trust, contributed the Shapiro Trust's undivided membership interests in WMF Management to Woodbridge, such that WGC Independent Manager now controls WMF Management (and, by extension the Funds) [*Id.*].

2

Additionally, Woodbridge Group Enterprises includes a network of over 200 special purpose vehicle entities ("SPVs") that hold real properties [*Id.*, ¶19]. Most of these entities are wholly owned by related SPVs [*Id.*]. Amounts required for the acquisition and development of the properties were advanced to these SPVs by the Funds or on behalf of the Funds *by Woodbridge* [*Id.*, emphasis added]. Prior to December 1, 2017, each of these SPVs was managed by Shapiro and wholly-owned (either directly or indirectly) by the Shapiro Trust [*Id.* ¶ 20]. Mr. Shapiro also unilaterally agreed to empower a purportedly independent management team to take control of the Woodbridge Group Enterprise's assets and operations during the pendency of the Chapter 11 cases [*Id.*, ¶25]. However, Shapiro retained the right to replace this "independent" manager with or without case, requiring only notice to, but not the consent of, the Bankruptcy Court [*See*, Ex. A, ECF pp. 119-126, Limited Liability Company Agreement of WGC Independent Manager, at ¶15]. This same "independent" manager entered into agreement to pay Shapiro a consulting fee of $175,000 *per month* [Ex. A, ¶27], yet does not require Shapiro to provide Woodbridge with company emails in his possession.

In sum, it remains abundantly clear that Woodbridge's assertion that it cannot obtain Shapiro's emails, who continues in the bankruptcy as a highly paid consultant, is a complete subterfuge to avoid compliance with the Court's Order and the Subpoena. Mr. Shapiro had the ability to do as he pleased with Woodbridge and all of its affiliates and subsidiaries by virtue of his position as Trustee of the Shapiro Trust and President of Woodbridge. Woodbridge controlled every decision it made in setting up the bankruptcy, all facilitated by Mr. Shapiro. Thus, Woodbridge's excuse for its disregard of the Court's Order—that it cannot procure the emails of the puppet behind its corporate structure—continues to ring hollow. The Commission thus respectfully requests that Woodbridge Group of Companies, LLC, be held in contempt.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 7, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

## SERVICE LIST

Adam L. Schwartz, Esq.
Kevin P. Jacobs, Esq.
Homer Bonner Jacobs, P.A.
1200 Four Seasons Tower,
1441 Brickell Avenue, Miami, FL 33131
*Attorneys for Respondent, Woodbridge Group of Companies*

David Nelson, Esq.
James Grippando, Esq.
Brendon Olson, Esq.
Boies Schiller & Flexner, LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:954-377-4233
Facsimile:954-356-0022
*Attorneys for Respondent, Woodbridge Group of Companies*

/s/ *Russell Koonin*
Russell Koonin, Esq.

## ADDITIONAL SERVICE

**I HEREBY CERTIFY** that on December 7, 2017, I caused the foregoing document to be served via email and overnight delivery on:

Ryan O'Quinn, Esq.
DLA Piper
200 South Biscayne Boulevard Suite 2500
Miami, Florida  33131-5341
ryan.oquinn@dlapiper.com
*Counsel for Robert Shapiro*

Bruce Reinhart
250 S. Australian Ave., Suite 1400
West Palm Beach, FL 33401
breinhart@brucereinhartlaw.com
*Counsel for Nina Pedersen*